WILLIAM H. JEPSON *versus* JOHN F. H. HALL & *al.*

Where a bond was given to the plaintiff by the defendants, with a condition
that it should be void, if the defendants should pay the plaintiff's part of
all debts due from a company consisting of the plaintiff and one of the de-
fendants, and save and keep him harmless and indemnified from all his
liabilities for the company, " as is named in a certain agreement," described,
between the partners; and after the making of the agreement and prior to
the execution of the bond, the defendants, as principals, and the plaintiff
as their surety, had given their note for one of the demands named in the
agreement, which note was afterwards paid in part by the plaintiff; *it was
held,* in a suit upon the bond, that the defendants were liable for the amount
paid on the note by the plaintiff.

THE facts in the case are stated in the opinion more fully
than they are to be found in the other papers which have come
into the hands of the Reporter.

*B. Bradbury* argued for the plaintiff: — and

*Fuller,* for the defendants, citing *Newall* v. *Hussey,* 18
Maine R. 249, and *Abbott* v. *Upton,* 19 Pick. 434.

The opinion of the Court was drawn up by

WHITMAN C. J. — This is an action of debt upon a bond,
bearing date the sixth day of July, 1840, to which a condition
is subjoined, that, if the defendants shall pay the plaintiff's
part of all debts due from Jepson & Co. and save and keep
him harmless and indemnified from all his liabilities therefor,
" as is named and specified in a certain agreement between the
said Jepson and the said Webb, bearing date the twenty-eighth
day of February, 1840," then the bond to be void, &c.    The
terms of the agreement were the same as those in the bond.
At the time it was entered into, Jepson & Co. the plaintiff be-
ing one of them, were owing Messrs. Hill & Huckins $1348
on account; and, afterwards, and before the execution of the
bond, the defendants, Webb & Hall, gave their note for the
same debt, to which Jepson added his name as their surety.
On this note a suit was commenced, and judgment therein ob-
tained for $1069,42, debt and costs, a portion of the note
having been previously paid.    Execution being issued on said
judgment, the defendants, Webb & Hall, paid $685,47 in part

satisfaction thereof. The balance, $384,10, including the cost of the execution, was paid by the plaintiff. And now he insists that, by the terms of the agreement and bond, the defendants are bound to refund to him the amount of the balance so by him paid.

The defendants deny their liability upon the ground, that, at the time of the execution of the bond, the debt in question had ceased to be a debt due from Jepson & Co. and had become the proper debt of Webb & Hall, for which the plaintiff had become surety; and, although this was for a debt originally provided for in the agreement, yet, that the substitution of said note therefor was, according to the decisions in Massachusetts and Maine, a payment of the debt before due to Messrs. Hill & Huckins.

That the substitution of a negotiable note, which the one in question may be presumed to have been, for a simple contract debt, is *prima facie* to be deemed a discharge of the former liability, is not to be denied. Hill & Huckins, the holders of the note, could not probably have maintained an action, after accepting it, upon their original demand. And, if the condition of the bond had reference only to demands as existing at the time of its execution against Jepson & Co., the argument might be admitted to have much force. But the indemnity mentioned in the bond is not so limited. It has reference to the terms of the agreement, before entered into between the plaintiff and Webb. It extends to all the liabilities "named and specified in the agreement." And this demand was originally one of those. Is it now so transformed as to cease to be one of that character.

Suppose Webb were sued upon his agreement, and it had appeared, that the note had been given, as it in fact was; would he be thereby exonerated from his liability under it? Clearly not. The plaintiff's liability for the debt would have remained uninterrupted. Suppose a note had been given, after the agreement, for the balance of the account, and before the making of the bond, by Jepson & Co., this, in common parlance, would have been a payment of the account by note;

but in truth would have been merely a substitution of a different species of evidence for the same debt. It could not, in such case, be said that the agreement no longer embraced it ; for it would be but the continuance of the original liability of the plaintiff. And supposing the same had been done with the addition of some one as surety on the note, it could have made no difference. The continued liability of the plaintiff for the debt of the firm would have still remained unaffected.

It has always been held in case of a mortgage, intended as collateral security for the payment of a debt due by note of hand, that the substitution of new or additional security for the payment of the same debt, was no discharge of the mortgage ; and that the mortgage, in the absence of any release or discharge thereof, or of the debt due, remained in force till the actual payment of the debt, whatever form the evidence of the existence of it might have assumed.

The giving of the note to Messrs. Hill & Huckins for the balance of their account against Jepson & Co. with Jepson's name as surety, was no interruption of his liability for the debt of the firm. It was but a modification of such liability, with further security by the addition of Hall's name, to avoid a reliance entirely upon the agreement. Jepson would not be saved harmless and indemnified, according to the express terms of the agreement, from his liability for the debts of the firm, if ultimately compelled to pay this debt. And, having been compelled finally to pay it, we think he is entitled to be reimbursed for it. Judgment must, therefore, be entered for the penal sum of the bond ; and execution is to issue for the amount due in equity and good conscience, being $521,54.